JUL 20 2026 PM4:21
FILED - USDC - FLMD - ORL

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

**GEORGE METZ,**
 Plaintiff,

 v. Case No. 6:26CV-01568-PGB-NWH

**CITY OF DELAND, FLORIDA,**
 a Florida municipal corporation;

**JASON UMBERGER,**
 Chief of Police, in his official capacity,

Defendants.

_____/

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF UNDER 42 U.S.C. § 1983

Plaintiff George Metz, proceeding pro se, alleges:

### INTRODUCTION

1. This is a civil rights action arising under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.
2. This action challenges Resolution No. 2024-31, an official municipal policy adopted by the City of DeLand prohibiting all video and audio recording within the public lobby of the DeLand Police Department.
3. The challenged Resolution prohibits constitutionally protected recording, information gathering, newsgathering, observation, and documentation of government activities occurring in a public-access government facility.

4. The Resolution was adopted by the City Commission, constitutes official municipal policy, and directs the Chief of Police to enforce the prohibition.

5. Plaintiff seeks declaratory and injunctive relief, nominal damages, costs, and all other appropriate relief.

## JURISDICTION AND VENUE

6. This action arises under the Constitution and laws of the United States.

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

8. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Defendants reside within this District and the events giving rise to these claims occurred within this District.

## PARTIES

10. Plaintiff George Metz is a citizen of the United States.

11. Plaintiff regularly engages in gathering information regarding government operations and public officials.

12. Plaintiff regularly records public officials performing public duties in publicly accessible government facilities.

13. Plaintiff engages in recording activity for purposes including public oversight, education, commentary, criticism, journalism, and dissemination of information regarding government conduct.

14. Defendant City of DeLand is a municipal corporation organized under the laws of Florida.

15. Defendant City of DeLand is a person subject to suit under 42 U.S.C. § 1983.

16. Defendant Jason Umberger is the Chief of Police of the DeLand Police Department.

17. Defendant Umberger is sued solely in his official capacity.

18. Defendant Umberger is responsible for enforcement of the challenged Resolution.

## FACTUAL ALLEGATIONS

19. On or about April 1, 2024, the City Commission adopted Resolution No. 2024-31 entitled:

"A Resolution of the City Commission of DeLand, Florida, Adopting Policy Prohibiting Video and Audio Recording in the Lobby of the Police Department."

20. The Resolution expressly acknowledges:

"it is currently settled law that there is a right under the First Amendment to record the activities of public officials on public property."

21. The Resolution further acknowledges that the lobby of the DeLand Police Department is open to the public.

22. The Resolution repeatedly references individuals engaged in what it describes as "First Amendment auditing."

23. The Resolution expressly identifies "First Amendment auditing" as the activity prompting adoption of the policy, demonstrating that the Resolution was enacted in response to protected expressive and information-gathering activity.

24. Despite acknowledging the existence of a First Amendment right to record public officials, the Resolution prohibits all video and audio recording within the lobby.

25. Section 1 provides:

"the City of DeLand hereby forbids the video and/or audio recording in the lobby."

26. The Resolution directs the Chief of Police to enforce the prohibition.

27. The Resolution authorizes the posting of signs informing the public that recording is prohibited.

28. The Resolution prohibits recording regardless of whether any private citizen is present.

29. The Resolution prohibits recording regardless of whether confidential information is being discussed.
30. The Resolution prohibits recording regardless of whether the recording is directed solely toward public officials performing public duties.
31. The Resolution prohibits recording regardless of whether only publicly observable governmental activity is being documented.
32. The Resolution prohibits recording throughout the entire lobby area.
33. The Resolution contains no exception for recording government officials performing public duties.
34. The Resolution contains no exception for recording matters of public concern.
35. The Resolution contains no exception for recording where no private information is visible or audible.
36. Plaintiff desires to visit the DeLand Police Department and engage in peaceful audio and video recording within the public lobby.
37. Plaintiff intends to gather information concerning the operation of government and the conduct of public officials.
38. Plaintiff intends to engage only in lawful conduct.
39. Plaintiff's intended conduct falls squarely within the conduct prohibited by Resolution No. 2024-31.
40. Plaintiff faces a credible threat of enforcement because the Resolution expressly directs the Chief of Police to enforce the prohibition.
41. The existence of the Resolution chills Plaintiff's exercise of First Amendment rights.
42. But for the Resolution, Plaintiff would engage in the recording activity described herein.

**MONELL ALLEGATIONS**

43. Plaintiff realleges all preceding paragraphs.
44. Resolution No. 2024-31 constitutes official municipal policy.
45. The Resolution was adopted by the City Commission of the City of DeLand.
46. The City Commission is the final policymaking authority for the City concerning municipal policy.
47. The Resolution was enacted through official legislative action.

48. The constitutional injuries alleged herein were directly caused by the City's official policy.
49. The City of DeLand is liable under 42 U.S.C. § 1983 pursuant to Monell because the challenged conduct arises directly from an officially adopted municipal policy.

## COUNT I

## 42 U.S.C. § 1983

## FIRST AMENDMENT FACIAL CHALLENGE

50. Plaintiff realleges all preceding paragraphs.
51. The First Amendment protects the right to gather information concerning government affairs.
52. The First Amendment protects the creation of audiovisual recordings documenting government activity.
53. Recording public officials performing public duties is protected expressive and information-gathering activity.
54. Resolution No. 2024-31 prohibits protected First Amendment activity.
55. The Resolution is not narrowly tailored.
56. Less restrictive alternatives exist to address legitimate privacy concerns.
57. Rather than adopt narrowly tailored measures, Defendants enacted a complete prohibition on recording throughout the public lobby.
58. The Resolution burdens substantially more protected activity than necessary to accomplish its stated objectives.
59. Defendants, acting under color of state law, have violated and continue to violate Plaintiff's First Amendment rights.

## COUNT II

## 42 U.S.C. § 1983

## FIRST AMENDMENT OVERBREADTH

60. Plaintiff realleges all preceding paragraphs.

61. Resolution No. 2024-31 prohibits substantially more protected activity than necessary to accomplish its stated purpose.

62. The Resolution applies to all video and audio recording occurring within the public lobby.

63. The Resolution applies regardless of whether any private citizen is present.

64. The Resolution applies regardless of whether any confidential information is being discussed.

65. The Resolution applies regardless of whether a person records only public officials performing public duties.

66. The Resolution applies regardless of whether a person records only publicly visible government operations.

67. The Resolution applies regardless of whether any information captured could reasonably be considered private.

68. The Resolution therefore prohibits a substantial amount of protected speech, information gathering, newsgathering, documentation, and expressive conduct.

69. The City's stated concerns do not justify a blanket prohibition covering all recording activity throughout the lobby.

70. Less restrictive alternatives exist that would address the City's stated concerns without burdening substantial amounts of protected First Amendment activity.

71. The Resolution burdens substantially more speech than necessary to achieve the governmental interests asserted by Defendants.

72. The Resolution is facially overbroad and violates the First Amendment.

73. Plaintiff's exercise of constitutional rights has been chilled as a direct result of the Resolution.


## COUNT III

## 42 U.S.C. § 1983

## PRIOR RESTRAINT

74. Plaintiff realleges all preceding paragraphs.

75. The creation of video and audio recordings concerning government activity is protected First Amendment conduct.

76. Resolution No. 2024-31 prohibits protected recording activity before any recording occurs.

77. The Resolution operates as a categorical prohibition on the creation of recordings within a public-access government facility.

78. The Resolution does not regulate misuse of recordings after creation.

79. Instead, it suppresses creation of recordings altogether.

80. The Resolution prevents the public from documenting government operations and public officials performing public duties before any expressive activity can occur.

81. The Resolution imposes a complete prohibition rather than a narrowly tailored restriction.

82. By prohibiting protected recording activity before it occurs, the Resolution functions as a prior restraint on speech, expression, newsgathering, and information gathering.

83. The Resolution violates the First Amendment on its face.

## COUNT IV

## DECLARATORY JUDGMENT

84. Plaintiff realleges all preceding paragraphs.

85. An actual controversy exists between the parties concerning the constitutionality of Resolution No. 2024-31.

86. Plaintiff contends the Resolution violates the First Amendment.

87. Defendants maintain and enforce the Resolution as valid.

88. Plaintiff is entitled to a declaration that Resolution No. 2024-31 is unconstitutional on its face.

## COUNT V

## PERMANENT AND PRELIMINARY INJUNCTION

89. Plaintiff realleges all preceding paragraphs.

90. Defendants continue to maintain and enforce the challenged Resolution.

91. Plaintiff faces ongoing and irreparable injury to his constitutional rights.

92. Constitutional injuries constitute irreparable harm.

93. Plaintiff lacks an adequate remedy at law.

94. The balance of equities favors protection of constitutional rights.

95. The public interest is served by preventing enforcement of unconstitutional government policies.

96. Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting enforcement of Resolution No. 2024-31.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Resolution No. 2024-31 violates the First Amendment to the United States Constitution;

B. Enter a preliminary injunction prohibiting Defendants from enforcing Resolution No. 2024-31 during the pendency of this action;

C. Enter a permanent injunction prohibiting Defendants from enforcing Resolution No. 2024-31;

D. Award nominal damages in favor of Plaintiff;

E. Award costs of litigation;

F. Award any additional relief this Court deems just and proper; and

G. Retain jurisdiction to enforce its orders.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**George Metz**
Plaintiff, Pro Se

---

George Metz
[15301 nw 188th st]
[Alachua FL 32615]
[352-446-8145]
[patriotdiscussions@gmail.com]