**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**GEORGE METZ,**

> **Plaintiff,**

**v.**                                        **Case No: 6:26-cv-01568-PGB-NWH**

**CITY OF DELAND, FLORIDA
and JASON UMBERGER,**

> **Defendants.**
> _____/

## ORDER

This cause comes before the Court on a *sua sponte* review of the file. After consideration, *pro se* Plaintiff George Metz's ("**Plaintiff**") Complaint (Doc. 1 (the "**Complaint**")) is dismissed without prejudice as a shotgun pleading.[1]

## I.    BACKGROUND

On July 20, 2026, Plaintiff initiated this Section 1983 action against Defendants City of Deland, Florida (the "**City**") and Jason Umberger (collectively, the "**Defendants**"). (*Id.*).  According to the Complaint, on or about April 1, 2024, the City Commission adopted a resolution (the "**Resolution**") prohibiting video and audio recording in the lobby of the Police Department. (*Id.* ¶ 19). Plaintiff alleges that he "faces a credible threat of enforcement" because he "desires to . . .

---

[1]    Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

engage in peaceful audio and video recording within the public lobby" of the City's Police Department. (*Id.* ¶¶ 36, 40). Plaintiff claims that "[t]he existence of the Resolution chills Plaintiff's exercise of First Amendment rights." (*Id.* ¶ 41). As such, Plaintiff asserts five causes of action against Defendants for violations of his rights under the First Amendment of the United States Constitution (Counts I–III), for declaratory judgment (Count IV), and for permanent and preliminary injunctions (Count V). (*Id.* ¶¶ 50–96).

## II.   DISCUSSION

There are four general categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

"The Court has an independent obligation to dismiss a shotgun pleading." *Ain Jeem, Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 8:21-cv-1331, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021). "'If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader.'" *Id.* (quoting *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, No. 6:08-cv-1978, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009)); *see Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam)[2] (affirming the district court's *sua sponte* dismissal of a shotgun pleading).

Here, Plaintiff's Complaint falls within the first category of shotgun pleadings identified in *Weiland. See Weiland*, 792 F.3d at 1321–23. The first paragraphs of Counts II, III, IV, and V "re-allege[] all preceding paragraphs." (Doc. 1, ¶¶ 60, 74, 84, 89). Plaintiff's successive adoption of all preceding paragraphs at the start of each count folds in each previous count's allegations, making the Complaint a textbook example of the first category of shotgun pleadings. *See Weiland*, 792 F.3d at 1321–23. Instead, Plaintiff must specifically identify only those paragraphs relevant to the claim at issue if he chooses to restate and reallege such claims.

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

Consequently, the Court *sua sponte* dismisses Plaintiff's Complaint as a shotgun pleading with leave for repleader to cure these defects.

## III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading; and

2.  On or before **August 17, 2026**, Plaintiff may file an amended complaint consistent with the directives of this Order. Failure to timely file an amended complaint may result in the closure of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on August 2, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4